UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-127-RLV
(5:12-cr-9-RLV-DCK-1)

| | |
|---|---|
| DELEON ANDONTE WATTS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion for Disposition under Rule 4(b) for the Court to Reconsider/Remodify Sentence." (Doc. No. 4). On September 9, 2013, Petitioner filed the underlying motion to vacate, seeking to have the Court reduce his sentence in light of Alleyne v. United States, 133 S. Ct. 2151 (2013). Specifically, Petitioner claimed that, pursuant to Alleyne, his Sixth Amendment right was violated because he was subject to a mandatory minimum sentence by virtue of being designated as a career offender. On January 3, 2014, the Court denied and dismissed Petitioner's motion to vacate, finding that he was not entitled to relief under Alleyne. More than a year later, on July 16, 2015, Petitioner filed the pending motion for reconsideration, in which he now argues that he is entitled to relief under the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015).

Although Petitioner categorizes his motion as one for reconsideration, he is in substance attempting to raise a new claim that was not raised in his underlying motion to vacate. Therefore, his motion for reconsideration is in substance a successive petition. The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a]

1

second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h). Petitioner has not shown that he has secured the necessary authorization from the Fourth Circuit to proceed with a successive Section 2255 motion. Accordingly, this Court is without jurisdiction to consider the merits, if any, of the present § 2255 motion. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997).

## II. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's motion for reconsideration as an unauthorized successive petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion for Reconsideration, (Doc. No. 4), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a

constitutional right).

Signed: February 24, 2016

Richard L. Voorhees
United States District Judge